FILED
July 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002801346

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BARRY DOUGLAS MITCHELL and<br>DONNA KAY MITCHELL,<br><br>      Debtors. | Case No. 09-35400-C-7<br><br>DC NO. SLF- 8<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY**<br><br>Date: August 24, 2010<br>Time: 9:30 a.m.<br>Place: Department C<br>The Honorable Christopher M. Klein |

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell two adjacent parcels of real property and improvements located in Stockton, California: 1712 Sutro Avenue (the "Sutro Property") and 1715 Report Avenue (the "Report Property") (collectively, the "Properties").

Mr. Farrar believes the sale of the Properties is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

Mr. Farrar represents the following:

1. On July 24, 2009, the Debtors filed this case. Gary R. Farrar was appointed Chapter 7 Trustee.

2. Mr. Farrar learned that, on or about April 1, 2009, the Debtors had transferred the Properties to their adult son, Ty Mitchell. The Sutro Property contains a single family residence, which Ty Mitchell lives in. The Report Property is vacant land and is adjacent to the Sutro Property. The Report Property has only nominal value unless the same owner owns both it and the Sutro Property. (Farrar Decl. ¶ 2).

3. On or about September 3, 2009, Mr. Farrar filed an adversary proceeding against the Debtors and Ty Mitchell (the "Defendants"), entitled *Gary R. Farrar v. Barry Mitchell, et al.*, Adversary Proceeding No. 09-2560 (the "Fraudulent Conveyance Lawsuit"), to avoid and recover the transfers of the Properties. In their Answers, the Defendants denied the transfer was fraudulent.

4. On or about April 13, 2010, Mr. Farrar filed an adversary proceeding objecting to the Debtors' discharge, entitled *Gary R. Farrar v. Barry Mitchell, et al.*; Adversary Proceeding No. 10-02211 (the "Discharge Lawsuit").

5. In May 2010, Mr. Farrar and the Debtors entered into negotiations and met in person, with counsel, to attempt to resolve the Fraudulent Conveyance Lawsuit and the Discharge Lawsuit (collectively, the "Adversary Proceedings"). The negotiations and meeting were successful, and the parties reached a proposed settlement of the Adversary Proceedings. (Farrar Decl. ¶ 3).

6. On June 4, 2010, Mr. Farrar filed a motion for authorization to compromise the Adversary Proceedings, which the Court granted at a hearing on July 13, 2010. Under the terms of the compromise, Ty Mitchell has conveyed to Mr. Farrar all of his right, title, and interest in and to the Properties. In exchange, Mr. Farrar agreed to (i) dismiss the Adversary Proceedings, (ii) allow Ty Mitchell to continue residing at the Sutro Property, rent free, through September 30, 2010, and (iii) pay the Defendants in the Adversary Proceedings $8500 if Mr. Farrar is able to sell the Properties. (Collectively, the "Compromise"). (Farrar Decl. ¶ 4).

7. On July 8, 2010, this Court granted Mr. Farrar's application to employ Sheri Midgley of Sheri Midgley Realty to market and sell the Properties.

8. Mr. Farrar evaluated the issue of whether the estate would be required to pay capital gains taxes on the income generated by the sale of the Properties and concluded that it would not. (Farrar Decl., ¶ 5).

9. The Defendants did not schedule any liens against the Properties and Mr. Farrar is unaware of any liens. (Farrar Decl. ¶ 6).

10. Mr. Farrar believes that there is equity in the Properties and a sale of the Properties is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 7).

11. On June 4, 2010, Mr. Farrar entered into two written contracts to sell the Properties to James Hood. (Farrar Decl., ¶ 8).

12. Mr. Hood agreed to pay Mr. Farrar $40,000 on an "AS IS" basis without any warranties to purchase the Sutro Property, which contains the residence. Mr. Hood also agreed to pay (and has paid) an initial deposit of 1 percent of the purchase price, which he is required to increase to 5 percent on the day of the hearing on this motion. (Farrar Decl., ¶ 9, Ex. A).

13. Mr. Hood agreed to pay Mr. Farrar $14,000 on an "AS IS" basis without any warranties to purchase the Report Property, which is vacant land. Mr. Hood also agreed to pay (and has paid) an initial deposit of 1 percent of the purchase price, which he is required to increase to 5 percent on the day of the hearing on this motion. (Farrar Decl., ¶ 10, Ex. B).

14. Each sale is contingent on Court approval of this Motion. (Farrar Decl., ¶ 11).

14. To help ensure that the Properties are sold for the maximum sale price, Mr. Farrar proposes that the sales be subject to overbidding at the hearing. He proposes the following for overbidding:

- Any party interested in overbidding must buy both Properties together, because the Report Property is of only nominal value without the Sutro Property.
- The minimum overbid shall be at least $56,000, which is $2500 more than the proposed sales price.
- The terms of the overbid sale must be the same as the signed sales contracts. The overbid buyer must, at the hearing demonstrate that he/she/it has the financial ability to close the transaction within 10 days of the hearing. The overbid buyer must deliver to Mr. Farrar at the hearing a nonrefundable deposit of at least 5 percent of the purchase price because of the risks to the estate of losing the sales.
- Successive bids must be made in increments of at least $500.

(Farrar Decl., ¶ 12).

15. Mr. Farrar believes the sale of the Properties is in the best interests of the creditors and the Court should approve them under Bankruptcy Code Section 363. (Farrar Decl., ¶ 13).

16. Mr. Farrar respectfully requests that the Court authorize the sales of the Properties on the terms set forth in this Motion and that it grant such other relief as is just and proper.

Dated: July 23, 2010

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee,
GARY R. FARRAR